FILED
HELENA DIVISION

2005 NOV 29 AM 9 31

PATRICK E. DUFFY, CLERK
BY
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-12-H-CCL |
| Plaintiff, | |
| -v- | ORDER |
| JAMES LEE PHELPS, | |
| Defendant. | |

*******

On November 22, 2005, Defendant James Lee Phelps, his counsel Michael Donahoe, and counsel for the government, AUSA Michael Lahr, appeared before this Court for a hearing set down pursuant to 18 U.S.C. §4243. The purpose of the hearing was to determine whether the Defendant's release from custody would create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. The Court heard argument from counsel and received testimony from Defendant Phelps, U.S. Probation Officer Mark Piskolich, and Carlton Pyant, Ph.D., Staff Psychologist, FMC

Butner, North Carolina. The Court received evidence in the form of a Forensic Evaluation of Defendant Phelps, dated October 26, 2005, and prepared by Carlton Pyant, Ph.D., and Bruce Capehart, M.D. Based on the testimony, evidence, and all the record in this case, the Court makes the following findings of fact and conclusions of law.

1. On June 6, 2005, Defendant Phelps was found "Not Guilty Only By Reason of Insanity" of Count 1 of the Indictment, charging him with Setting Timber on Fire, in violation of 18 U.S.C. § 1855, and Count 2 of the Indictment, charging him with Malicious Destruction of Federal Property By Fire, in violation of 18 U.S.C. § 844(f)(1). These crimes posed a substantial risk of bodily injury to another person or serious damage to property of another.

2. After being found not guilty of these charges, the Court returned Defendant Phelps to FMC Butner, North Carolina, for a psychiatric examination pursuant to 18 U.S.C. § 4243(b).

3. The Court received a letter from A.F. Beeler, enclosing a Forensic Evaluation, on October 27, 2005. The Court thereupon

2

set down a hearing to determine whether Defendant Phelps should be released.

4. At the hearing on November 22, 2005, Defendant Phelps testified that on multiple occasions during the past ten years he has failed to find a mental health professional would could prescribe the daily medication he requires in order to maintain effective contact with reality. The Forensic Evaluation also notes that Defendant's mother states that Defendant has a history of not following through on his commitments to maintain contact with mental health professionals and that this failure is related to his nomadic lifestyle. The Court finds that over the past decade Defendant Phelps has demonstrated an inability or unwillingness to remain 100% compliant with his pharmaceutical regimen.

5. Defendant suffers from schizophrenia, undifferentiated-type. Without daily anti-psychotic medication, Defendant loses contact with reality, loses his sense of well-being, loses his ability to interact with others, loses his good judgment and decision-making abilities, and experiences auditory command

3

hallucinations, as he did on May 5, 2004, when he obeyed the voices telling him to set a fire in the Helena National Forest.

6. Defendant Phelps continues to exhibit confused thinking about his role in the offense, in that Defendant Phelps testified that he was really only concerned about a mess in the Helena National Forest when he tried to help out by setting the fire in order to clean up the mess. Defendant Phelps does not appear to understand yet that his conduct was not helpful and, in fact, exhibited poor judgment.

7. Defendant Phelps has a significant criminal history. He has a history of Burglary, Possession of Stolen Property, Driving While Intoxicated, Resisting Arrest, and Domestic Violence. Defendant Phelps was also in a physical altercation with another inmate as recently as September, 2005.

8. Based on Defendant's history, lifestyle, offense conduct, other criminal conduct, and Defendant's testimony, the Court finds that Defendant Phelps has failed to prove by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious

4

damage of property of another due to a present mental disease or defect.

9.    Based on Defendant's history, lifestyle, offense conduct, other criminal conduct, and Defendant's testimony, the Court finds that Defendant Phelps' unconditional release would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.  The Court anticipates that Dr. Pyant and his staff at FMC Butner, North Carolina, will prepare a conditional release plan that will allow Defendant Phelps to return to the community under supervision without posing a danger to others or the property of others.  Accordingly,

IT IS HEREBY ORDERED that Defendant James Lee Phelps is remanded to the custody of the Attorney General for commitment as required by law.  Defendant Phelps shall not be released without further order of the Court.

The Clerk is directed forthwith to notify the parties and the United States Marshals Service of entry of this order.

Done and dated this 28th day of November, 2005.

_____
CHARLES C. LOVELL
Senior United States District Court